```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

**UNITED STATES OF AMERICA**      :
                                  :
**vs.**                           :   CRIMINAL NO. 12-00201-KD
                                  :
**DARRIE DEWAYNE DEES,**          :
                                  :
    **Defendant.**

## REPORT AND RECOMMENDATION

This matter, which is before the Court on Defendant Darrie Dewayne Dees' Motion to Dismiss Indictment with Prejudice (Doc. 32), has been referred to the undersigned for report and recommendation. In the motion, Defendant asserts that pursuant to 18 U.S.C. § 3161, he was required to be brought to trial within thirty days of his first court appearance on September 26, 2012, and that the delay in ruling on his motions for competency violates his rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment to the U.S. Constitution. (Id.).

The Government has filed a response in opposition (Doc. 36). In its response, the Government asserts that Defendant is currently undergoing a forensic evaluation at the Federal Correctional Institution at Butner, North Carolina, that his competency has been at issue since his first court appearance, and that pursuant to 18 U.S.C. § 3161 (H)(1)(A),

any period of delay resulting from any proceeding related to the determination of Defendant's competency is excluded, including the period between the filing of a motion for a competency hearing and the subsequent hearing on that motion. The Government further asserts that Defendant's claim under the Sixth Amendment is equally unavailing because the Eleventh Circuit has "determined that a delay approaching one year is presumptively prejudicial" and in the instant case, Defendant made his first appearance on September 26, 2012.

## I. Background Facts

The record reflects that Dees was indicted by the Grand Jury in September 2012 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922 g(1). He made his initial appearance before the court on September 26, 2012; however, at the request of his counsel, Dees' arraignment was rescheduled for October 3, 2012 due to concerns raised about his ability to understand the nature of the proceedings. (Doc. 21). On October 10, 2012, the Government filed a motion for a psychological examination pursuant to 18 USC §§§ 4241, 4242 and 4247(b). (Doc. 16). Defendant filed a response in opposition to the motion, and requested that Defendant be examined locally to determine if he suffers from a mental disorder or defect

2

rendering him unable to understand the nature of the charges and assist with his defense as required by 18 U.S.C. § 4241(a).  (Doc. 18).

The Court conducted a hearing on October 24, 2012.  At the hearing, it was agreed that Dees would be examined locally at the expense of his counsel. (Doc. 21). Additionally, the Court noted that the arrangement implicated the Speedy trial Act, and held that "[w]hile it was arguably clear that the Defendant's competency would be challenged at the initial appearance, the United States did not file the motion for psychological evaluation until October 10, 2012. Thus, should Defendant ultimately be found competent to stand trial and enter a not guilty plea at his arraignment, the excludable time period for purposes of the Speedy Trial Act begins with the filing of the Government's motion on October 10, 2012."  (Id.).  The Court denied without prejudice the Government's motion for psychological evaluation, and directed defense counsel to file, by November 12, 2012, a motion for competency hearing or a notice that Defendant is ready to be arraigned. (Id.).

Subsequent thereto, defense counsel filed a motion seeking an extension of the November 12th deadline, and advised that the local examination had been scheduled for

3

November 21, 2012.  (Doc. 22).  The motion was granted, and on November 26, 2012, defense counsel filed a motion for competency hearing where in he advised that Dees had been evaluated locally by Dr. Mutchnick.  According to defense counsel, Dr. Mutchnick reported that Dees was unresponsive during the examination, and recommended that he be evaluated and treated by the Bureau of Prisons.  Defense counsel requested a competency hearing.

On January 18, 2013, defense counsel filed a motion requesting a ruling on Defendant's motion for a competency hearing, and on January 24, 2013, the Government renewed its motion for a psychological examination.  (Docs. 27, 29).  The Court conducted a conference on January 24, 2013, with counsel for the parties appearing by telephone.  Based on the record evidence and the representations of counsel, the Court granted both motions, and advised counsel that Dees would be transferred to BOP for an examination, and that upon completion of the examination, a competency hearing would be conducted.  The Court entered a written order on the same day that memorialized the Court's oral ruling.  (Docs. 30, 33).

On February 8, 2013, defense counsel filed another motion for ruling on issue of competency and the instant motion to dismiss.  (Doc. 31, 32).  Upon review of

4

Defendant's motions, the court learned that due to a docketing error, the order issued on January 24, 2013 had not been docketed. The error was corrected and the January 24th order was docketed on February 8, 2013.

**II. Discussion**

**A. Speedy Trial Act, 18 U.S.C. § 1361**

As noted, Defendant seeks dismissal on the grounds that his rights under the Speedy Trial Act, 18 U.S.C. § 1361, and the Sixth Amendment have been violated. 18 U.S.C. § 1361 provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within sixty days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the Court in which such charge is pending, whichever date last occurs.

§ 3161(c)(1). However, certain "days" do not count as days at all under the Speedy Trial Act. "When certain authorized delays occur, the days that constitute the delay in question do not count for the 70- day calculation. United States v. Hill, 487 Fed. Appx. 560 (11th Cir. 2012).

5

Under the Act, the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing or, other prompt disposition of, such motion," is excluded from the calculation and tolls the speedy trial clock. See 18 U.S.C. § 3161(h)(1)(D). The Act also excludes delays for examinations to determine the mental competency or physical capacity of the defendant. See 18 U.S.C. § 3161(h)(1)(A).

In this case, only thirteen (13) days passed between Defendant's first court appearance on September 26, 2012, and the filing of the first motion to have him undergo a psychological evaluation on October 10, 2012. As noted *supra*, Dees was examined locally at the request of his counsel, and at the Government's request, made pursuant to 18 U.S.C. §§§ 4241, 4242 and 4247 (b), Dees was transferred to BOP for a competency evaluation. Dees is currently at the BOP facility in Butner, NC, and upon completion of the evaluation, he will be returned to this district where a competency examination will be conducted. Dees' mental condition has prevented him from being formally arraigned, and has necessitated delay while he undergoes psychological testing. Accordingly, his motion is due to be dismissed as

6

the delay falls within the ambit of 3161(h)(1)(A).[1] See United States v. Graves, 2013 U.S. App. LEXIS 12754 (3rd Cir. June 21, 2013)(the period of excludable delay under § 3161(h)(1)(A) begins when a party moves for, or the court sua sponte orders, a competency determination. The excluded time continues at least until a competency hearing is held).

### B. Sixth Amendment

Defendant's Sixth Amendment claim is likewise due to be dismissed. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial."U.S. Const. Amend. VI. In reviewing a Sixth Amendment claim, the court utilizes the four-factor balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972); United States v. Davenport, 935 F. 2d 1228, 1239 (11th Cir. 1991). The factors to be considered are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertions of his rights to a speedy trial; and (4) any prejudice suffered by the defendant. Id. Unless the period of delay is "presumptively prejudicial"

---

[1] 3161(h)(1)(A) automatically excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

7

under the first factor, a district court need not consider the final three factors. United States v. Mays, 424 Fed. Appx. 830 (11th Cir. 2011)(citing United States v. Schiel, 122 F. 3d 944, 987 ("A delay is considered presumptively prejudicial as it approaches one year"). The delay in this case is nine months, which is not presumptively prejudicial. However, even under the remaining Barker factors, Dees cannot establish a Sixth Amendment violation. The bulk of the delay in this case is attributed to pretrial motions relating to Dees' competency, and the need to have him evaluated. Given that the evaluation findings, which are expected shortly, will assist the Court in determining whether Defendant is competent to stand trial, he has not been prejudiced, and no Sixth Amendment violation has been established.

### III. Conclusion

For the reasons discussed herein, the undersigned RECOMMENDS that Defendant Darrie Dewayne Dees' Motion to Dismiss Indictment with Prejudice (Doc. 32) be **denied.**

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of

8

this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **21st** day of **June, 2013.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**